J-S47006-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANDREW JOSEPH ALLAM | : | |
| | : | |
| Appellant | : | No. 1686 EDA 2024 |

Appeal from the Order Dated May 22, 2024
In the Court of Common Pleas of Pike County
Criminal Division at No(s):  CP-52-CR-0000469-2009

BEFORE:  KUNSELMAN, J., SULLIVAN, J., and BECK, J.

MEMORANDUM BY SULLIVAN, J.:                **FILED MARCH 31, 2025**

Andrew Joseph Allam ("Allam") appeals *pro se*, from the order dismissing as an untimely, serial PCRA petition[1] his "Motion to *Nunc Pro Tunc* Direct Appeal Rights, Lack of Quorum of the Court when the Superior Court Rendered its Decision."  **See** PCRA Court Opinion, 8/19/24, at 2.  We affirm.

In November 2010, a jury convicted Allam of multiple crimes for his more-than-one-year-long, repeated sexual abuse of his paramour's daughter, beginning when the child was twelve years old, resulting in her pregnancy.  In February 2011, the trial court sentenced Allam to an aggregate term of forty to eighty years in prison.  This Court affirmed the judgment of sentence on

---

[1] **See** 42 Pa.C.S.A. §§ 9541-9546.

December 2, 2011.[2] **See Commonwealth v. Allam**, 40 A.3d 182 (Pa. Super. 2011) (unpublished memorandum). On August 7, 2012, the Pennsylvania Supreme Court denied leave to appeal. **See Commonwealth v. Allam**, 50 A.3d 124 (Pa. 2012).

Thereafter, Allam filed numerous unsuccessful appeals, motions, PCRA petitions, and petitions for a writ of *habeas corpus* in both state and federal court. In April 2023, Allam filed the instant motion, claiming his direct appeal was a legal nullity because it was decided by a two-judge panel and requesting reinstatement of his direct appeal rights. **See** PCRA Court Opinion, 8/19/24, at 2; Allam's Brief at 1-8. The PCRA court denied the motion. Allam appealed. In March 2024, this Court issued a decision expressly holding the motion should have been construed under the PCRA but quashing the appeal because of the pendency of appeal of a prior dismissal of another of his serial PCRA petitions. **See Commonwealth v. Allam**, 317 A.3d 621 (Pa. Super. 2024) (unpublished memorandum at *1).

Allam subsequently refiled the motion and, in accordance with our prior

_____

[2] A two-judge panel of this Court decided the appeal. **See** 210 Pa. Code § 65.5(C)(2) (permitting a submitted case to be decided by a two-judge panel, if, after the initial assignment, one of the judges becomes unable to participate and the remaining two members agree on the entire disposition).

determination, the PCRA court deemed the petition to be a serial PCRA petition and issued a Rule 907 notice. Thereafter, the PCRA court dismissed the petition as untimely. This appeal followed.[3]

On appeal, Allam raises the following question for our review.

[Whether the] Superior Court had violated the judicial code, due process, operating procedure of [the] Superior Court[,] & [Allam's] right to appeal[] by rendering its decision on 812 EDA 2011 with only [two] judges [which] constitutes a lack of [a] quorum of the court, which produced a void judgment and structural error[?]

Allam's Brief at v (capitalization regularized, reformulated as a question).[4]

Allam appeals from the denial of his untimely PCRA petition asserting the affirmance of his conviction on direct appeal is null and void because a two-judge panel of this Court rendered the decision. We review the dismissal of a PCRA petition to determine "whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error." **Commonwealth v. Busanet**, 54 A.3d 35, 45 (Pa. 2012). "Our scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the party who prevailed in the PCRA court proceeding." **Id**.

_____

[3] Allam and the PCRA court complied with Pa.R.A.P. 1925.

[4] We note with displeasure the Commonwealth did not file a brief in this matter.

- 3 -

PCRA petitions, including second and subsequent petitions, must be filed within one year of the date an appellant's judgment of sentence becomes final. **See** 42 Pa.C.S.A. § 9545(b)(1). "[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). The timeliness of a PCRA petition is jurisdictional. If a PCRA petition is untimely, a court lacks jurisdiction over it. **See Commonwealth v. Wharton**, 886 A.2d 1120, 1124 (Pa. 2005); **see also Commonwealth v. Callahan**, 101 A.3d 118, 123 (Pa. Super. 2014) (courts do not have jurisdiction over an untimely PCRA petition); **Commonwealth v. Lewis**, 63 A.3d 1274, 1281 (Pa. Super. 2013) (stating that "[w]ithout jurisdiction, [this Court] simply do[es] not have the legal authority to address the substantive claims [in a PCRA petition]").

Allam's judgment of sentence became final on November 5, 2012, ninety days after the Pennsylvania Supreme Court denied Allam's petition for leave to appeal and Allam did not file a writ of *certiorari* to the United States Supreme Court. **See** 42 Pa.C.S.A. § 9545(b)(3); **see also** U.S.Sup.Ct.R. 13 (stating an appellant must file petition for writ of *certiorari* with the United States Supreme Court within ninety days after entry of judgment by state court of last resort). Allam did not file the instant petition until April 26, 2024. Thus, the petition is untimely.

A petitioner may overcome the PCRA's jurisdictional time bar if he pleads and proves one of the three statutory exceptions set forth in 42 Pa.C.S.A. § 9545(b)(1). *See Commonwealth v. Spotz*, 171 A.3d 675, 678 (Pa. 2017). The three exceptions are: "(1) interference by government officials in the presentation of the claim; (2) newly discovered facts; and (3) an after-recognized constitutional right." *Commonwealth v. Brandon*, 51 A.3d 231, 233-34 (Pa. Super. 2012); *see also* 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). A petition invoking an exception must be filed within one year of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2). If a petitioner fails to invoke a valid exception, the court is without jurisdiction to review the petition or provide relief. *See Spotz*, 171 A.3d at 676.

Critically, Allam has not pled or offered to prove an exception to the PCRA's timeliness requirement. *See* 42 Pa.C.S.A. § 9545(b)(1). On appeal, he implicitly acknowledges the time bar but asserts, citing a variety of inapposite civil cases, that his claim exists outside the bounds of the PCRA's jurisdictional limits. *See* Allam's Brief at 4-8. These cases do not lift the jurisdictional time bar. Allam's serial PCRA petition is untimely, and like the PCRA court, we lack jurisdiction and "legal authority to address [any] substantive claims." *Lewis*, 63 A.3d at 1281.[5]

Order affirmed.

---

[5] In any event, as noted at n.2 above, Allam's claim a two-judge panel of this Court could not decide his direct appeal is simply incorrect. *See* 210 Pa. Code § 65.5(C)(2).

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/31/2025